**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Alexander MacDonald,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　Respondents. | No. CV-22-01866-PHX-MTL<br><br>**ORDER** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and supporting Memorandum (Doc. 3). Magistrate Judge Eileen S. Willett issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed with prejudice, and that a certificate of appealability be denied. (Doc. 14.) Petitioner filed his objections to the R&R (Doc. 15) and Respondents filed a reply (Doc. 16). For the following reasons, the Court adopts the R&R and dismisses the Petition with prejudice.

**I.    LEGAL STANDARD**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must file their federal habeas petition within one year of the latest of:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In limited circumstances, AEDPA's statute of limitations may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). To justify equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In most cases, equitable tolling is unavailable. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). "Indeed 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Id.* at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)) (alteration in original).

Even where a petition is timely, the Court cannot grant habeas corpus relief unless the petitioner establishes that the state court's decision "was contrary to" or an "unreasonable application" of federal law as clearly established in Supreme Court precedent at the time of the state court decision. 28 U.S.C. § 2254(d)(1). This standard is "difficult to meet." *Harrington v. Richter*, 562 U.S. 86 (2011). It is a "highly deferential standard for evaluating state court rulings, which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (cleaned up).

## II.   BACKGROUND

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 14 at 1-2.) Neither party has objected to this portion of the R&R, and the Court hereby accepts and adopts it. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must

review the magistrate judge's finding and recommendations *de novo if objection is made*, but not otherwise.") (emphasis in original).

Petitioner presented four grounds for relief to the Magistrate Judge,

> 1. Petitioner suffered a violation of his constitutional 14[th] Amendment Right to Due Process of Law and the effective assistance of counsel for (1) failing to present during the trial phase [Petitioner's] medically/psychologically verified Post-Traumatic Stress Disorder (hereinafter "PTSD") to explain [Petitioner's] actions both before, during, and after the stabbing incident, and (2) failing to present any medically/psychologically qualified expert witness at the trial phase to substantiate and provide expert opinion on [Petitioner's] PTSD and the effects it had on his actions before, during, and after the stabbing.
>
> 2. Petitioner suffered ineffective assistance of counsel for failure of counsel to present during the mitigation/sentencing phase any expert opinion via report or testimony to address how the PTSD [a]ffected [Petitioner's] actions and decisions before, during, and after the stabbing incident.
>
> 3. Petitioner suffered a violation of his federal constitutional 14[th] Amendment Right to Due Process of Law at Time of Trial by the trial court's failure to permit defense counsel to fully present all aspects of mitigation during the sentencing phase and the Court's unwillingness to consider all aspects of mitigation.
>
> 4. Petitioner suffered a violation of his federal constitutional 14[th] Amendment Right to Due Process of Law for denial of [his] Motion for Leave of Court to Amend his Petition for Post Conviction Relief to present a colorable claim not known to [him] at the time of his prior (first) post conviction relief petition, a claim which casts the events of the incident in a new light, for purposes of trial and sentencing.

(Doc. 3 at 1-3.) The Magistrate Judge rejected the first three grounds as untimely and the fourth ground as not presenting a cognizable habeas claim. (Doc. 14 at 4-13.)

### III. DISCUSSION

Petitioner argues that the grounds for relief are not untimely because equitable tolling applies. (*See generally* Doc. 15.) The Court evaluates the argument as to Petitioner's first three grounds. But it is irrelevant whether ground four was timely presented because the Magistrate Judge found that it did not present a cognizable habeas claim. (Doc. 14 at 4-6.) Petitioner did not object to that conclusion. (*See generally* Doc. 15.) The Court therefore adopts it and dismisses ground four. *Reyna-Tapia*, 328 F.3d at 1121.

Petitioner asserts that equitable tolling is available here because (1) he has been diligently pursuing his rights and (2) his trial counsel's ineffectiveness constitutes an extraordinary circumstance which caused his untimely filing. (*See generally* Doc. 15.) In evaluating diligence, the Court will "consider the petitioner's overall level of care and caution in light of his or her particular circumstances." *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (quoting *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011)). "[I]n every instance reasonable diligence requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Id.* at 601. Petitioner delayed over three and a half years before raising his first three grounds for relief following the conclusion of his PCR proceeding. (Doc. 12-9 at 23-26.) This indicates a lack of diligence. *See e.g., Camargo v. Ryan*, No. CV-13-2488-PHX-NVW (JFM) 2015 WL 926196, at *11 (D. Ariz. Jan. 15, 2015) (finding a lack of diligence where the petitioner delayed three years); *Johnson v. United States*, 544 U.S. 295, 308 (2005) (same).

Even if Petitioner had diligently pursued his rights, he has failed to prove that trial counsel's allegedly ineffective assistance made it impossible for him to timely file his Petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). There is no evidence that trial counsel thwarted Petitioner's attempts to raise his first three grounds for relief in a timely habeas petition. To the contrary, Petitioner's arguments emphasizing his trial counsel's alleged ineffectiveness relate only to ground 4—which the Magistrate Judge found non-cognizable. (*See generally* Doc. 15.) Accordingly, the Court finds that Petitioner has failed to demonstrate that equitable tolling is appropriate. *See e.g., Guillen v. Terhune*, 14 Fed. Appx. 865 (9th Cir. 2001) (rejecting equitable tolling where the petitioner failed to plead sufficiently specific facts to demonstrate that an obstacle made it impossible for him to file his federal habeas petition on time). It therefore dismisses the Petition with prejudice.

**IV.  CERTIFICATE OF APPEALABILITY**

Before Petitioner can appeal the Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because the Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability

or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record, the Court finds that a certificate shall not issue because dismissal of the Petition is justified by a "plain procedural bar," and "jurists of reason" would not find the Court's procedural ruling "debatable." *Id.* at 484.

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 14) is **accepted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED denying** the issuance of a certificate of appealability and leave to proceed in forma pauperis on appeal.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment terminating the case.

Dated this 29th day of September, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge